**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **TEREX SOUTH DAKOTA, INC.**<br>     **Plaintiff,** | 3:18cv172 (WWE) |
| v. | |
| **FOM USA, INC., FOM INDUSTRIE, S.r.l.**<br>     **Defendants.** | |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

In this multi-count complaint, plaintiff Terex South Dakota, Inc., alleges that defendants FOM USA, Inc. and FOM Industrie, S.r.l. ("Defendants FOM") caused it damage due to to an ineffective milling machine known as the Titan 012 that defendants had supplied for plaintiff's equipment manufacturing business. Plaintiff asserts the following counts: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) breach of express warranty; (4) breach of the implied warranty of fitness; (5) breach of the implied warranty of merchantability; (6) misrepresentation; and (7) negligence. Defendants have filed a motion to dismiss the claims of breach of contract, breach of implied covenant of good faith and fair dealing; misrepresentation, and negligence. For the following reasons, the motion will be granted in part and denied in part.

## BACKGROUND

For purposes of ruling on this motion, the Court takes the facts alleged in the complaint to be true.

Plaintiff is a manufacturer of heavy equipment. Defendant FOM USA is a subsidiary and distributor of defendant FOM Industrie.

In 2012, Terex decided to replace its existing milling machine. It solicited a bid from defendants FOM. Terex provided drawings of certain parts that it planned to manufacture with a replacement milling machine and advised defendants FOM of its performance requirements. In August 2012, FOM USA provided Terex with a "Time Study Multifabrication Line August 2012" identifying the estimated amount of production time based on the drawings supplied by Terex.

Terex relied upon this Time Study in making its decision to buy the milling machine from defendants FOM.

In February 2014, Terex and FOM USA entered into a Machine Proposal and an Order Confirmation for Terex's purchase of the FOM Titan 012 for $1,059,000. The Terms and Conditions of Purchase attached to the Order Confirmation were negotiated between Terex and defendants FOM.

The Titan 012 was installed at Terex's facility in March 2015. Terex SD incurred more than $150,000.00 in expenses related to installation of the Titan 012, purchase of FOM's proprietary operating software, and unloading the Titan 012.

Shortly after installation, Terex SD experienced performance issues with the Titan, including its software. In summer 2017, Terex SD contacted defendants FOM about the performance issues, but defendants were unwilling to correct the deficiencies.

Terex SD maintains that the Titan SD did not perform as represented and warranted by defendants. Because the Titan did not meet performance requirements, Terex SD had to supplement the limited production provided by the Titan with the milling machine that it had sought to replace.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbel v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

Economic Loss Doctrine

Defendants argue that the economic loss doctrine bars plaintiff's tort claims of negligence and misrepresentation.

"The economic loss doctrine is a judicially created doctrine which bars recovery in tort where the relationship between the parties is contractual and the only losses alleged are economic." Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 164 (D. Conn. 2010). The economic loss doctrine bars tort claims arising from disputes when the same conduct underlies the tort and contractual causes of action. Terex S. Dakota, Inc. v. Carraro Drive Tech S.P.A., 2018 WL 1211198, at *5 (D. Conn. Mar. 8,

2018). A tort claim that is dependent on a contractual claim is barred where it is premised on the same conduct with respect to the same personal property and evidence, and where plaintiff can provide no theory under which it could prevail on the tort claim if the contract claim failed. Ulbrich v. Groth, 310 Conn. 375, 404-5 (2013).

Plaintiff maintains that its negligence claim is pleaded in the alternative. However, the tort claims would not have a basis to prevail if plaintiff cannot prove a breach of contract. The contract claim requires a finding that defendants breached the alleged contract by failing to deliver a Titan that met the estimated performance requirements. The misrepresentation claim asserts that plaintiff relied to its detriment upon defendants' misrepresentation that the Titan would satisfy its performance requirements, which defendants knew or should have known could not be met by the Titan. The negligence claim also requires plaintiff to prove that defendants breached a duty to supply a Titan that satisfied plaintiff's performance requirements. Accordingly, plaintiff's tort claims rely upon the same underlying factual evidence and are dependent upon the contractual claim. Plaintiff will not be able to sustain its tort claims, if the contractual claim fails. Accordingly, the Court will dismiss these tort claims on the basis of the economic loss doctrine.

Contractual Claims

Defendants argue for dismissal of plaintiff's contractual claims of breach of contract and breach of the implied covenant of good faith and fair dealing.

First, defendants maintain that plaintiff's breach of contract claim should be dismissed because plaintiff has not alleged the specific provision. However, the Court

5

finds that plaintiff's allegations, including the attached contracts, are sufficient without identifying the specific provision.

Defendants argue as not cognizable plaintiff's claim that defendants breached the the terms of the Time Study. Plaintiff has asserted that the Time Study provided specifications for the Titan, and that contractual terms and conditions state that the Titan would comply with "all specifications ... on which this order is based." The parties dispute whether the Time Study provided estimates or specifications. The determination of this issue could require resolution of questions of fact and law. Since this inquiry is more appropriate for summary judgment, the Court will deny the motion to dismiss on the contract claim. The Court will leave plaintiff to its proof.

Defendants further assert that plaintiff's claim that defendants breached the implied covenant of good faith and fair dealing would contravene express contractual terms. Plaintiff has alleged that defendants refused to repair the Titan without prepayment of repair costs after the machine suffered numerous performance issues shortly after installation. Specifically, defendants argue that plaintiff cannot assert this claim based on alleged conduct that occurred in summer 2017, which was more than two years after the machine's installation. The Terms and Conditions of Sale provide for a warranty of "12 months or 1760 hours from the date of commissioning at the Customer's premises," and that "[d]uring such warranty period FOMUSA shall undertake to repair or replace any parts proving to be faulty." Defendants cannot have acted in bad faith when its conduct was reasonable in light of the Terms of and Conditions of Sale. Accordingly, the Court will dismiss the claim of breach of the implied covenant of good faith and fair

dealing.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #26] is GRANTED in part and DENIED in part. The claims of breach of the implied covenant of good faith and fair dealing, misrepresentation, and negligence are DISMISSED.

Within fifteen days of this Court's filing date, plaintiff is instructed to efile an amended complaint consistent with this ruling.

/s/Warren W. Eginton
Warren W. Eginton
Senior U.S District Judge

Dated this 2d day of November 2018 at Bridgeport, Connecticut.